IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KELVIN WAYNE DYCUS, #R5167**                                                                 **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.  2:11-cv-184-KS-MTP**

**RONALD KING, et al.**                                                                    **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

Plaintiff Dycus, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Ronald King, Superintendent of South Mississippi Correctional Institution (SMCI) and Christopher Epps, Commissioner of MDOC. Upon liberal review of the Complaint and Response [9], the Court has reached the following conclusions.

Plaintiff states that after a shakedown of the building he was confined in at SMCI he received a rule violation report (RVR) for having a rope.  Plaintiff claims that as a result of being found guilty of this RVR, he lost all privileges (visitation, phone and canteen) for 60 days and his custody classification level was "downgraded" to a more restrictive level.  Resp. [9]. Plaintiff alleges that his constitutional rights and MDOC policy and procedure were violated during the shakedown or search process, at the disciplinary hearing, and by the responses he received to his prison grievances regarding this RVR. As relief, Plaintiff is requesting that the RVR be "dismissed and expuged" from his prison record and reimbursement of any court costs. Compl. [1], p.4.

**I.  Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to

prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action;  thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).  Nor does an inmate have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another.  *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996)(inmate does not have a constitutionally protected interest in a specific facility or work assignment).

At best, Plaintiff is asserting that his reclassification violated his constitutional rights under the Due Process Clause.  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* on October 3, 2011.

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at * 5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Gerber v. Hickman,* 291 F.3d 617, 621 (9th Cir. 2002)(citations omitted)(prisoners do not have a constitutional right to contact visits).  Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).  In sum, the Plaintiff does not have a constitutionally protected right to a certain classification level while in prison.

To the extent the Plaintiff is asserting that MDOC policy and procedure was violated by this RVR, resulting punishment, and responses to his grievances, this allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 Fed. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional

violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

**II. Conclusion**

As explained above, the Plaintiff's placement in a custody level or prison facility different from what he would choose for himself, does not amount to a constitutional deprivation. Therefore, this case is dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo,* 73 F.3d at 613 (affirming frivolous dismissal of § 1983 suit arising out of classification level and placement in administrative segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 14th day of November, 2011.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."